UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASHUN MANN, | § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| vs. | § § | _____ |
| THE WORKFORCE GROUP, LLC, | § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1.     This is a civil action for damages brought by Rashun Mann ("Plaintiff" or "Mann") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), to recover unpaid overtime wages and other relief against The Workforce Group, LLC ("Defendant" or "The Workforce Group").

2.     This Court has jurisdiction over the instant cause of action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 201 et seq.

3.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### II. PARTIES

4.     Mann is a resident of Dallas County, Texas. Mann was an "employee" of the Workforce Group within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), from on or about November 2017 until his termination on or about February 2018.

5.      The Workforce Group provides post-disaster assistance to state and local governments. Mann is a former Field Manager for The Workforce Group and venue is proper because he has been subjected to unlawful employment practices committed at Workforce's place of business in the State of Texas, Southern District, Houston Division.

6.      The Workforce Group is a Louisiana corporation, with its principal place of business in Baton Rouge, Louisiana. The Workforce Group conducts business in locations within the Southern District of Texas and is therefore subject to the jurisdiction of this Court. The Workforce Group can be served by service on its registered agent in the state of Texas: Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      This is a civil action for damages brought by pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), to recover unpaid overtime wages and other relief against The Workforce Group.

8.      At all times relevant to this action, the Workforce Group was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and did "employ" Mann within the meaning of the FLSA, 29 U.S.C. § 203(g).

### III.    FLSA MISCLASSIFICATION AND UNPAID OVERTIME

9.      In or around November 2017, Mann began performing various services for The Workforce Group as a Field Manager. Mann was paid as an independent contractor. The Workforce Group misclassified Mann in treating him as an independent contractor rather than an employee.

10.     As a Field Manager, Mann was assigned to a team of damage assessors who were out in the field inspecting property for flood damage.  He answered phone calls

from the damage assessors at all hours and would answer questions about technical computer and equipment issues and scheduling questions. He also gathered inspection checklists from the damage assessors and transmitted those checklists to his management. He also transmitted communications from management to the damage assessors about the work the damage assessors were doing and sometimes submitted information about scheduling and cancellations to the damage assessors. At other times he would spend the majority of his time entering data in spreadsheets.

11.    The Workforce Group controlled the performance of Mann's job duties. They required him to work in person at their Texas office. The Workforce Group supplied Mann an Ipad and computer software necessary to do his job. The Workforce Group gave Mann his assignments and controlled how his work was done. Mann was told by the Workforce Group when he needed to perform the work and dictated where he was to perform such work. Mann was paid by the hour, not the task, for his services. At times, The Workforce Group provided housing for Mann. Mann was not able to work for other employers during the time he worked for The Workforce Group.

12.    While employed by the Workforce Group, Mann regularly worked over 40 hours per workweek with their knowledge, and such work could not have been completed within a designated 40 hour workweek.

13.    The Workforce Group has a statutory duty under the FLSA to keep accurate records of hours worked by Mann.

14.    Mann is covered by the protections of the FLSA, 29 U.S.C. § 207(a). The Workforce Group was required to compensate Mann at a rate of one and one half times

his hourly rate for each hour worked in excess of forty hours in any given workweek, and The Workforce Group did not pay Mann for such time.

15.     The Workforce Group is liable to Mann for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times his regular rate of pay.

16.     The Workforce Group's failure to compensate Mann for hours worked in excess of forty hours per week at the rate of one and one-half times his regular rate of pay constitutes a violation of the FLSA, 29 U.S.C. §§ 206 and 207.

17.     The Workforce Group has failed to meet the requirements for any of the exemptions from application of the wage or overtime compensation requirements of the FLSA, 29 U.S.C. §§ 207 or 213.  Although he had the title manager, Mann did not exercise discretion or independent judgment to manage the damage assessors, instead he acted as a conduit of information between the damage assessors and his managers. All decisions about how the work would be completed were made by other employees. Mann did not have input into the job status of any employees or the ability to hire and fire.  Mann was not a learned professional.

18.     The Workforce Group knew or should have known that the FLSA applied to Mann as a non-exempt employee.

19.     The Workforce Group's failure to pay Mann the federally mandated overtime pay constitutes a willful and intentional violation of the FLSA.

20.     As a consequence of the Workforce Group's violation of his rights under the FLSA, Mann is entitled to his unpaid wages for a period of three years prior to the filing of this Complaint, plus an additional equal amount in liquidated damages,

declaratory and injunctive relief, and reasonable attorney's fees and expenses, pursuant to 29 U.S.C. § 216(b).

### IV.  PRAYER FOR RELIEF:  FAILURE TO PAY OVERTIME COLLECTIVE ACTION

21.     WHEREFORE, Mann, pursuant to 29 USC §§ 201 et seq. is entitled to the following relief for his unpaid overtime claims, and respectfully requests this Court:

    a.     Enter a declaratory judgment that Mann is covered by the provisions of the FLSA for non-exempt employees, and that the Workforce Group violated his rights under the FLSA as set forth in the preceding paragraphs;

    b.     Award Mann the value of his lost pay and benefits of employment;

    c.     Award Mann payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times his regular rate;

    d.     Award Mann liquidated damages equaling one hundred percent of overtime due;

    e.     Award him pre-judgment and post-judgment interest, as allowed by law;

    f.     Award Mann attorney's fees and costs for prosecuting this action;

    g.     Award Mann all other legal and equitable relief to which he may justly be entitled.

22.     Mann hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill

Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3141 Hood Street, Ste. 200
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff